PALMER ET AL. *v.* THE PEOPLE.

APPEAL from the District Court of San Juan.

No. 40.—Decided March 30, 1904.

JURISDICTION IN CIVIL MATTERS—INCOMPETENCY BY REASON OF THE SUBJECT-MATTER.—Although questions of competency in civil matters cannot be raised by the court on its own motion, if the judge considers himself incompetent by reason of the subject-matter, he may abstain from taking cognizance thereof after hearing the *Fiscal* and admonishing the parties to assert their rights before the proper court.

ID.—PROVISIONS OF A LEGISLATIVE CHARACTER.—Losses and damages alleged to have been sustained as the result of enactments of a legislative character cannot be made the subject of a claim before the courts of justice.

LAWS OF THE INSULAR LEGISLATURE—NULLITY.—Damages which may be occasioned by enactments of the legislature must be repaired by the legislative, and not by the judicial, power, and in any case the Congress of the United States may be requested to declare null any law of the Insular Legislature which is deemed prejudicial to private rights.

## EXPOSICIÓN DEL CASO.

En el juicio promovido ante el Tribunal de Distrito de San Juan por el Letrado Don Santiago B. Palmer, en representación de varios notarios de esta Isla, contra El Pueblo de Puerto Rico, sobre indemnización de perjuicios; juicio pendiente ante *nos* á virtud de recurso de apelación interpuesto por la parte demandante contra auto de dicho Tribunal declarándose incompetente, por razón de la materia, para conocer de la demanda, habiendo llevado la representación y defensa de la parte apelante, ante esta Corte Suprema, sucesivamente los Letrados Don Santiago B. Palmer y Don Juan Hernández López, é impugnando aquel recurso el Ministerio Fiscal.

*Resultando*: que en cinco de Marzo del año próximo pasado el Letrado Don Santiago B. Palmer, en representación de diez y siete notarios, como propietarios de oficios enagenados de la Corona de España, presentó demanda ante el Tribunal de Distrito de San Juan contra el Hon. Attorney General, en representación de El Pueblo de Puerto Rico, alegando que por leyes de la Asamblea Legislativa de treinta y uno de Enero de mil novecientos uno y diez de Febrero de mil novecientos dos, relativas al ejercicio del Notariado, habían sido lesionados gravemente sus derechos, y suplicando, en su consecuencia, fuera condenado El Pueblo de Puerto Rico á pagarles por vía de indemnización de perjuicios, la suma de seiscientos diez mil cuatrocientos ochenta y ocho dollars en la proporción que dichos notarios expresan.

*Resultando*: que oido el Hon. Attorney General, estimó que tratándose de actos realizados por la Asamblea Legislativa de Puerto Rico, en el pleno ejercicio de sus poderes, es indudable que á esa misma Asamblea deben dirigirse los demandantes para que ella, con su propia autoridad, resuelva lo que conceptúe pertinente, siendo en su consecuencia incompetente por razón de la materia la Corte de Distrito de San Juan.

STATEMENT OF THE CASE.

This is a proceeding instituted in the District Court of San Juan by Attorney Santiago B. Palmer, on behalf of several notaries of this Island, against the People of Porto Rico, for the recovery of an indemnity for damages; which case is pending before us on appeal taken by the party plaintiff from the decision of aforesaid court declaring itself incompetent to take cognizance of the complaint by reason of its subject-matter, the party appellant having been successively represented in this Supreme Court by Attorneys Santiago B. Palmer and Juan Hernández López, while the appeal was contested by the Department of Justice.

On March 5 of last year Attorney Santiago B. Palmer, on behalf of seventeen notaries, as owners of alienated notarial offices acquired under the Crown of Spain, brought an action in the District Court of San Juan against the Attorney General, as representative of the People of Porto Rico, alleging that through acts of the Legislative Assembly, approved January 31, 1901, and February 10, 1902, relating to notarial practice, their rights had been grievously impaired, and praying that the People of Porto Rico be accordingly adjudged to pay them by way of indemnity the sum of $610,488, in the proportion stated by said notaries.

The Attorney General, being consulted, was of opinion that inasmuch as the question dealt with acts performed by the Legislative Assembly of Porto Rico, in the full exercise of its powers, it was undeniable that the plaintiffs should address themselves to said Assembly for the purpose of having the latter take such action, on its own authority, as it might deem advisable, and that the District Court of San Juan, therefore, by reason of the subject-matter, was incompetent to have cognizance of the case.

*Resultando*: que el referido Tribunal por auto de siete de Abril siguiente se declaró incompetente por razón de la materia para conocer de la demanda, absteniéndose de su conocimiento, y contra ese auto interpuso la representación de los demandantes recurso de apelación que les fué admitido, habiendo sido elevados á esta Corte Suprema los autos, previa citación y emplazamiento de las partes, las que evacuaron oportunamente el trámite de instrucción, después de lo cuál se señaló día para la vista, en cuyo acto informaron la representación de los notarios apelantes y el Ministerio Fiscal, cuanto estimaron conducente.

Abogados de los apelantes: *Sres. Palmer* y *Hernández López*.

Abogado del apelado: *Sr. del Toro* (Fiscal).

EL JUEZ ASOCIADO SR. HERNÁNDEZ, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Considerando*: que según el artículo 74 de la Ley de Enjuiciamiento Civil, en ningún caso se promoverán de oficio las cuestiones de competencia en los asuntos civiles; pero el Juez que se crea incompetente por razón de la materia podrá abstenerse de conocer, oido el Ministerio Fiscal, previniendo á las partes que usen de su derecho ante quién corresponda.

*Considerando*: que el juicio promovido por los notarios demandantes se encamina á obtener una declaratoria de perjuicios que se suponen irrogados por disposiciones emanadas del Poder Legislativo, y que esa materia no cabe dentro de la jurisdicción de los Tribunales de Justicia, llámese ésta contenciosa ordinaria, ó contenciosa administrativa, pués una y otra dimanan de la ley, y no hay Ley alguna que otorgue semejante jurisdicción á dichos Tribunales.

*Considerando*: que si los notarios recurrentes entienden que las leyes dictadas por la Asamblea Legislativa para el ejercicio del Notariado son deficientes por lastimar derechos que suponen adquiridos al amparo de la legislación antes vigente, y no habérseles acordado la correspondiente in-

The aforesaid court, by an order of April 7 following, declared that on account of the subject-matter it was incompetent to hear the complaint and abstained from taking cognizance thereof. From this order counsel for the plaintiffs took an appeal, which was allowed, the record being forwarded to this Supreme Court, after citation of the parties, who were given an opportunity to examine the papers, whereupon a day was set for the hearing, at which counsel for the appellant notaries and the *Fiscal* argued their respective cases.

*Messrs. Palmer* and *Hernández López,* for appellants.

*Mr. del Toro, Fiscal,* for respondent.

MR. JUSTICE HERNÁNDEZ, after making the above statement of facts, delivered the opinion of the court.

According to article 74 of the Law of Civil Procedure, in no case shall questions of competency in civil matters be raised by the court on its own motion; but the judge who considers himself incompetent in the matter may abstain from taking cognizance thereof, after consulting with the Department of Justice, admonishing the parties to submit their questions to the proper court.

The action instituted by the plaintiff notaries seeks to obtain a declaration of damages alleged to have been caused by enactments emanating from the legislative power, and this matter does not come within the jurisdiction of courts of justice, whether of an ordinary or administrative character, for both emanate from the law, and there is no law which confers such jurisdiction upon said courts.

If the appellant notaries believe that the laws enacted by the Legislative Assembly, relating to notarial practice, are deficient because rights alleged to have been acquired under the protection of the legislation previously in force are impaired thereby, and no provision has been made for the appropriate indemnity, the judicial power is not the one

demnización, la autoridad judicial no es la llamada á suplir tal deficiencia, sino el mismo Poder Legislativo, que gira en esfera completamente independiente de la del Poder Judicial.

*Considerando*: que por la Sección 31 de la Ley Orgánica de 12 de Abril de 1900, se reserva el Congreso de los Estados Unidos la facultad de anular cualquier ley emanada de la Asamblea Legislativa de esta Isla, y que á dicho Congreso han podido dirigirse los peticionarios, para obtener, si fuere procedente, la nulidad de las leyes que estiman lesivas de sus derechos y generadoras de los perjuicios que hoy vienen reclamando por la vía judicial.

*Se confirma* el auto de siete de Abril del año próximo pasado, por el que el Tribunal de San Juan se declaró incompetente por razón de la materia para conocer del juicio de que se trata; y devuélvanse las actuaciones al referido Tribunal, con la certificación correspondiente.

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados Figueras, Sulzbacher y MacLeary.

called upon to study such deficiency, but resort must be had for the purpose to the same legislative power, which moves in a sphere entirely independent of the judicial power.

By section 31 of the Organic Act of April 12, 1900, the Congress of the United States reserves the power and authority to annul all laws enacted by the Legislative Assembly of this Island, and the petitioners could have applied to said Congress for the purpose of securing, if proper, the annulment of such laws as may be deemed by them prejudicial to their rights, and which have given rise to the wrongs from which they now seek redress in the courts of justice.

The ruling of April 7 of last year, whereby the District Court of San Juan declared that it was incompetent, by reason of the subject-matter, to take cognizance of the action in question, is affirmed. The record is ordered to be returned to aforesaid court, with the proper certificate.

Chief Justice Quiñones and Justices Figueras, Sulzbacher and MacLeary concurred.